Third case for the morning is United States v. Englehart, 21-8007. Counsel for appellant, if you would make your appearance and proceed, please. Good morning, may it please the court. My name is Eric Klein. I represent Mr. Monty Englehart in this appeal. I'd like to start off my argument by focusing on the second issue in our brief regarding the psychosexual evaluation and treatment because it's a discreet and straightforward issue that will also discuss the legal standards relating to the other issues. I intend to then move to the first issue raised in our briefs, the sexual materials prohibition. Mr. Englehart was convicted of a sex offense 24 years ago. Since being on supervised release, he's passed every polygraph given to him. He completed an initial sex offender evaluation that said he was a low risk to reoffend and a low need for treatment. Two years into supervised release, the district court added a condition that he complete a psychosexual evaluation and treatment. And the court added this condition without making particularized findings demonstrating compelling circumstances requiring the condition. And this court has said very clearly and on implicates a fundamental right or liberty interest. The court must justify the condition with compelling circumstances particularizing this case. The court has said that generalized findings are not enough and the findings must be particularized on the record and linked to the necessity of the condition. Counsel, we would have to agree though that this condition implicates a fundamental right, correct? I think for the standard and from Koch and Martinez-Torres of particularized findings and compelling circumstances, yes. I think in Koch, the court certainly said that anytime there's special conditions, there must be an on-the-record analysis that includes an explanation of how that condition furthers the three statutory requirements. But yes, for the particularized findings of compelling circumstances, it does have to implicate a fundamental liberty interest, which this court said in Behr, this does. It said that a psychosexual evaluation implicates a fundamental right? So, Your Honor, in Behr, 769 F-1230, which was about a similar situation, somebody who had been convicted of a failure to register and there had been an order for an evaluation and treatment, the court said, although conditions requiring a mental health evaluation and treatment affect a liberty interest, it must be supported by a particularized findings by the district court. Didn't you want to say, counsel? I'm sorry? Just go ahead. Didn't the court go on to say, we have generally found a defendant's commission of a sex crime enough to require, et cetera? Well, Your Honor, and I was about to read that. I think that et cetera is very important because the et cetera is to require an initial mental health assessment and treatment consistent with that assessment. That happened to you. That initial assessment happened and it said that, pardon? When? In 2019. Yeah. And now we're up to 2000 what? This happened in... Pardon? The court found that this guy had been watching pornography for 10 straight days and that a psychological assessment would not be harmful for him and would be good for him. Now, what's wrong with that? Well, Your Honor, I think that that's not the kind of particularized findings of compelling circumstances that this court has required, especially where this is not the situation in bear. And so- Well, if you can see somebody getting ready to go off the edge, what's wrong with requiring the assessment? So, Your Honor, I don't think that the district court- It's narrowly construed. It's not going to do any harm to him. Well, I think that... I beg to differ as far as the harm. The government expert did describe what goes into this court of assessment and the intrusiveness and invasiveness of such examinations. It involves a review of medical and psychiatric records. It involves formal testing of a sexual nature, a full day of interviews and going through someone's sexual history. And this is- Maybe he should do that. Maybe that should be done in a case like this. Well, Your Honor, I think that the question, though, isn't whether maybe it should be done. I think this is what this court's referral in both Martinez-Torres and Koch and discussion of the Third Circuit decision of Volcker really gets to the nub of this. And in Volcker, as quoted in Martinez-Torres, the Third Circuit talked about how at first blush, this might seem to make total sense. And it might make sense and seem to survive such a challenge. But the court went on to say that there are serious, in that case, First Amendment implications, and that there needs to be more on the record suggesting a nexus between the condition and the purposes of supervised release. And here the problem is, Your Honor, not that this court can't look at it and say, well, maybe this makes sense. The problem is that the district court did not make the findings that this court's required. And the actual findings that the district court made are sparse, to say the least. Maybe they're sparse, but that doesn't answer the question of whether they're sufficient. I mean, you don't have to do a tome every time you, you know, the district courts or the cases we backed up out of the courthouse door if the court had to write to make, you know, state a book on the record every time a case occurs. And so the notion, there was evidence introduced here. Let me just focus on sort of a technical question, and then I want to get into a more specific question, the substance as it relates to the psychosexual evaluation. The technical question is, he had had a prior evaluation, I think they called it, and this is an acronym, I guess, SOT, IPS evaluation, was, is this one that was contemplated under the condition of this, of the supervised release, the revised supervised release condition, was that going to be the same kind of test or a different one? My understanding from everything that happened and, and, you know, I can talk about from being there, but from the record is that this would be something far more invasive, far more detailed. Oh, well, okay. Well, we'll just for the moment not look at the record again with that information in mind, but, but the just generally one of the purposes of supervised release, and I think you alluded to this in your statement about the notion that we should be focused on the purposes of supervised release, but one of the purposes is public safety. Another, and, and, and what you have is an individual who granted commendably through his own self-report, but nevertheless had three instances, instances since his prior psychosexual evaluation, in which he admitted to looking at pornography, and as Judge Kelly alluded to, in one instance on three straight days, and they were designed to supposedly address part of the his own trauma. Well, why isn't that equatable in some sense to, let's say, an alcoholic who because of their prior pratter, and this, this individual, of course, was a reform, recovering alcoholic, but why isn't that equatable to an individual who was an alcoholic, who, because he was an alcoholic, and you see these instances, committed bank robbery, or because he was an alcoholic, was more prone to sexual abuse, and then he, he tells his probation officer, well, you know, there were three days when I had drinks, and, you know, I'm trying to do the right thing, but I had those drinks. Why doesn't that suggest that somebody needs to make an intervention right then and there, per Judge Kelly's point earlier, to find out whether this person can be stable or not? I'll stop there. Why aren't these three instances, which the court, sparse or not, the court did refer specifically to those three instances when talking about whether a psychosexual evaluation would be appropriate? You know, I think that the problem is that the court, the district court, did not draw that link between why viewing legal adult pornography. That's not what we were talking about right now. We were talking about whether he had to have a psychosexual evaluation. Well, you mean they didn't draw the link between that? What, what do you need more than to say that he's engaging in conduct that suggests that he might have act out again? Because the court never made the link between this conduct and, for instance, the prior convictions. I think that's something that this court looked at in Martinez-Torres, and that the Third Circuit looked at in Volcker. And this was something that whether viewing legal adult pornography is in any way linked to child abuse, child sexual abuse, or child pornography was something that was hotly contested throughout this hearing. That's really a different issue, though, as Judge Holmes just pointed out. That's your number one point. We'll get to that, you said, at the end of your argument. Well, you know, I don't think it is beside the point, because I think that's what this court has required, is a link and nexus between the challenge condition. Well, the judge is not a psychiatrist, and he's looking for assistance. And you can't expect the judge to make a psychosexual analysis on, you know, with just nothing. If there's a problem, get it addressed. But then I think that's what is incumbent on the district court to make the finding that whatever's happened demonstrates the necessity of this evaluation. And that's what the district court didn't do. The district court talked about having viewed legal adult pornography, but never made a connection between why that raises a risk of public safety. And so, Judge Holmes, to your point, I think this is very different than the alcoholic who there's a demonstrated history of alcoholism leading to offenses. In Bear, there had been other sex offender evaluations that showed that Bear was a continuing danger. That's completely absent here. That's not what we have here. So I think that this is very different from the alcoholic who's got a track record of showing that alcoholism leads to his offenses. And that there was a finding in Bear, sorry to jump to Bear, of this person has this demonstrated mental health issues from these evaluations. That's why this treatment order is appropriate. Here, the district court heard testimony, but the district court never finally made that connection. Well, I do want to explore the prohibition on looking at legal pornography for a second. Yes. It seems to me, at least in my mind, and then if you want to view them as the same, okay. But at least in my mind, there's a distinction between the question of whether we're going to impose a condition that infringes his First Amendment right to look at flags that a rational person, a reasonable jurist, would suggest we need to look into this. It's not like this condition that was imposed required him to do anything but be evaluated. If the evaluation turned out, you get a clean bill of health, there's nothing wrong with you, fine. But the point is, when you start and end, there was no notion that he did look at this pornography. There was well, it wasn't like he was just casually looking at your pornography. The allegation was that he went to it, he looked at it, and there was a period where he looked at it over 10 days. I mean, why doesn't, why isn't it sufficient on this whole point of just whether we look at it, we inquire. So I view those two things as distinct. Maybe you don't. But whether we should impose a condition that he can't look at pornography, period, from the question of this suggests he may be erratic, and we need to find out. Your Honor, and I only have two and a half minutes left, so, and I do want to get to the sexual materials prohibition. The just look into it is, and this gets back to Your Honor's previous question about how intrusive is this we're talking about. Is this some kind of screening evaluation? But what was described at the hearing is a full day of interviews and testing and polygraph examinations and forcing Mr. Englehart to there needs to be greater findings than this under this court's recent precedent, starting from Bayer and Burns in 2014 and coming through to Koch to establish the compelling circumstances and a particularized findings. And so Your Honor may be absolutely right that this would be appropriate, but what's missing here is district court findings justifying it. And I do want to. It's easy, and I'll give you, I'll spot you a little bit of time. It's easy to speak about findings without telling us what exactly wouldn't be what would be necessary here. And I'm focusing now only on an inquiry. What would be necessary? What kind of findings do you want? I mean, there was evidence from that talked about the link. You say it's contested. Yeah, maybe contested, but there was an expert witness who talked about the link, you know, the possible gateway effects of looking at legal pornography. And so there was evidence before the court. What kind of findings do you think would have been adequate on this record? So I think that it would be in a very different situation if the court said, I find that what the expert said is accurate, and this leads to an increased risk of public safety. And that I know that all the research is to the contrary, and this is only anecdotal, but this is the finding I make. And therefore, we need this psychosexual evaluation, not just to establish trust, which is what the court said, but because of public safety. And, Your Honor, if I could just use a few seconds to talk about the sexual materials prohibition. Again, Mr. Klein, Mr. Klein, could I ask a question about that condition now that you're getting to it? Given that Mr. Engelhardt didn't object to that condition when he was originally sentenced, not talking about the modification hearing, but the original sentence, and then that he self-reported viewing adult pornography, why doesn't that stop him from challenging a condition that prevents him from viewing adult pornography? Your Honor, I think the first part of Your Honor's question, I think pretty sure he did challenge that originally as part of the original conditions and objected to that from the pre-sentence report and did object to that condition. All right. Well, if that's the case, my question still stands. He's still self-reported, and why should he be in a position to object to the condition now? Well, Your Honor, I think that, exactly, that having objected to this all along, he's in a position to object to it now. It's important also that the condition that was imposed now is different than the original condition. And the government has argued, well, it's narrower than the original condition, which this court addressed in Koch. And in some way, it is. It got rid of auditory, right? So Bolero is no longer a problem. But it also is broader in that it has a complete ban on any nude depiction of a child. So we've got the grandparent's picture of a child on the fridge. And it also includes simulated sexual activity. So any simulated sexual activity between adults where, say, a breast is exposed. So an R-rated movie where there's simulated sex and there's a breast, that is a violation of this condition. And I think it's important that in Martinez-Torres and in Koch, this court didn't go in and parse out different parts of the condition, said that this condition is not supported by a particular's findings of compelling circumstances. And so we're going to vacate this condition and send it back to the district court. And if the district court wants to change it, then the district court can do that and make the necessary findings. And that's what's missing here. I am almost two minutes into the red. And I would, if the court will allow me, have a little bit of time for rebuttal. And so unless there's any other questions right now, I will hopefully have some time for rebuttal. And we'd have to vote for you. You will. We'll hear from the government. Your honors, may it please the court. My name is David Forward. Something's wrong with your sound. Yes. Could you turn up your mic, Mr. Forward? I apologize, your honor. You sound like you're underwater. That's a little better, though. Is this better now? Not much. Yeah. It's a little better. Okay. So sorry. If you want me to call in, I can call in. But let's try. You want to try it, Judge Kelly? Try it. Go ahead. Oh, yeah. Yeah. Please let me know if there's any issues. My name is T.J. Forward. I represent the United States in this matter. I will address this in a similar fashion that Mr. Klein was to address it. That's first, beginning with the standards. This court made it very clear, United States versus Koch, that a higher standard of law is required when there is a ban on adult. That is because under the First Amendment, you have a right to adult. It's a fundamental right. It's something granted to you. It's a constitutional right. What we have, though, with the other conditions, the mental health treatment, as well as the psychosexual evaluation, those are not fundamental rights. Those are not rights guaranteed to us by the Constitution. I look thoroughly at there, and it's the thing where both Mr. Klein and I see this, and we see different views of this. What I see. Counsel, I have a question on that. You're referring to the objection about adult pornography, correct? Yes, we've done that. Yes, Your Honor. Okay. Now, the first condition deals with any form depicting child pornography, and the second is a little bit more vague. I was under the impression that that might be a typo, and that the second also dealt with child pornography. Your Honor, that's an interpretation that Mr. Klein asserted in his brief. Yet, as the United States used that, that wording there, we view the plain reading of that statute. I do what? I'm sorry. Sorry, Your Honor. We look at the plain reading of that statute, which states, the defendant shall not access, possess, send, or receive any visual depiction of explicit conduct as defined by 18 United States Code Section 2256-2b, and that section gives a much more specific description of sexually explicit conduct. In the United States, in drafting it, looking specifically at the statute, there is nothing in there that says it relates to children. It states graphic sexual intercourse, including genital to genital, oral to genital, anal to genital, oral to anal. Okay, so you can see that that paragraph, the second paragraph in the sentencing minutes, applies to all pornography. Yes, Your Honor. Despite the fact that a person is entitled to look at legal pornography, which is almost an oxymoron. Right. Absolutely correct, Your Honor. I completely agree with that. In this situation, though, the United States made an effort to present to the court sufficient evidence to show compelling circumstances. What is the purpose of the first paragraph then? The first paragraph, which deals with child erotica, depictions of a child, or any materials described. Why wouldn't you have just said the second paragraph, period? I was thinking that there was probably a mistake there, and it was intended on narrow construction, which is how we review the special conditions. We were going to try to construe it constitutionally, and that we're talking about child pornography and not general adult pornography. Your Honor, I think the main portion of that second part of the first paragraph, after child pornography, it states child erotica or nude or sexual depictions of any child. In this situation, child erotica is not illegal. If there is a picture of an eight-year-old girl in lingerie in a provocative pose, that is technically legal, but Mr. Englehart is not the type of person that should be allowed to possess those types of materials. He is the person that can be sexually gratified. That's child pornography you're talking about now. No, I'm talking about child erotica, Your Honor, in which it's not child pornography, it is a child that is an eight-year-old child that is involved. Or nude or sexual depictions of any child sure sounds like it to me. I agree, but that could also include the picture of, as Mr. Klein said, a four-year-old niece in a bathtub. That is not child pornography, but to someone like Mr. Englehart, they can be sexually aroused by it. Well, but that second paragraph wouldn't even apply in that situation. Correct, and that's why it's trying to- Why is it even there? Why is the second paragraph there? Yeah, the paragraph that says, in addition, and I'm looking at the order modifying conditions of supervision. The first paragraph says, shall not possess in any form, et cetera, et cetera, child pornography. And then the second one says, shall not possess, send or receive any pornography. Why doesn't that just apply also to children? I think it very well could, Your Honor. The intent, again, of the United States was- Well, I guess that you have to answer the question. Did you intend, in the language here, that the defendant not look at any pornography, legal or not? Yes, Your Honor, that is correct. Thank you. That's what you intended, and if I understand it correctly, in the passage where you referenced 2256-2B, your effort was to create a narrowly defined, well, to create a more specific definition of the kind of adult pornography that could not be looked at. That is correct, Your Honor, and part of that, too, is that very last clause, which states, are primarily designed to arouse sexual desire. We were trying to make it very, very strict, so it's not something that you would see watching Game of Thrones or, as they stated in Cope, listening to an audiobook of Madame Bovary. Try to live with the popular culture references, but I do get that one. Let me ask you this question, and I'm going to lay my cards out on the table, telling you where my principal concern is. I think you did a solid job of presenting evidence to the court. The question is, did the court link up that evidence to the conditions that were imposed? I think our law requires that, and therefore, in your brief, you say the court had this information available. Well, the court did have the information available, but if the court, in imposing these conditions, did not say, well, I'm talking about the testimony of a governance expert, and that testimony, I find that that testimony was valid, and that testimony supports X condition, well, why isn't that a problem? We can be more specific. Let's talk about the adult pornography restriction. Now, we're not talking about the child pornography one. We're talking about the adult pornography restriction. What is there, as opposed to the psychosexual evaluation that I was talking to Mr. Klein about? Where are the findings that linked the evidence that you presented to the imposition of that condition? Yes, Your Honor, and to be frank, I wish that there would have been more discussion specifically on what the United States presented. That would make this clearer. It would be nice if we would have said that this and this justify quality circumstances. We do not have that. What I'm looking at, specifically, is on pages 143 to 146 of the transcript, Your Honor, and I think the parts I would focus on specifically is when he states, it is reflected in the self-reported history of Mr. Engelhardt of years of alcoholism, life on rampant, and this key part here, Your Honor, of his predilection. The United States used that as his predilection and his sexual desires, his constant sexual misconduct that he has, whether he's convicted or not convicted. That is what the court is referring to there. I think that's the first part. Then the court goes in the next paragraph to say, or later on, common sense says, I have to recognize those things, those risks that exist here. I believe the court is recognizing that there are the risk factors. Earlier on, we do present Dr. Denison to provide that testimony in that background. The court did say that the court viewed Dr. Denison as an expert in this field and that his information was good for him. Well, it did. It did. I've got an authority or something like that. It was its reference. Restate it for me. The best language for you is where? Your Honor, I think the best thing I can have, and I'll go with, actually, one other part I on page 140, in which he specifically addresses the defendant's actions of going to the hotel room, viewing pornography in 10 straight days, and masquerading through it. Where is that on 140? Pardon, Your Honor? Tell me that. I'm sorry. I'm just not hearing you very well. You're muffled. Where on page 140 are you reading? I've got it in front of me. Okay. I'll pull it up exactly right here. Starting on line 14 of page 140, nothing could be clearer than the fact that Ms. Morton, the probation officer, advised the defendant of what consequences would eventually arrive at or occur that brought us here eventually to the court. Talking before about the prior instances in the pornography. Each of these events became a little bit less innocent and more problematic. 10 straight days of the defendant attempting to deal with a bad dream and an erection, long erection. Then later on, on page 141, line 20, there's a particular concern images of children, nudity, and images that focus on explicit sexual conduct. Yes, Your Honor. Tied to children. So, and I think, and I think, so as we read that entire part there, the government's seeking to make clear and explicit in that matter, that condition, that is there's a particular concern concerning images of children, and then there's a comma, and how would the court address that? I don't know if it didn't say child nudity, it just goes on to say nudity and images that focus on explicit sexual conduct. Okay, now is that going to the prohibition or to the need for the psychosexual evaluation? Your Honor, I think that statement goes to all of the contested conditions that we have here, the pornography or the psychosexual evaluation or the mental health Okay, let me, well let me, but I think I get that point, but I think in part one can disaggregate these in these conditions, and it becomes a little trickier it seems to me. I mean, on the question of the restriction on adult pornography, it seemed to me that the link that had to at some point be made, which the expert attempted to make, was the suggestion that reviewing adult pornography was the basis for believing that there needed to be the imposition that was imposed in the conditions as it related to viewing adult pornography, and what I'm asking you now specifically, and just to be clear, I was, you're referring to the numbers at the top of the page, right, because I was referring to the appendix numbers down at the And that, and so on, as it relates to that, if, where did the court say beyond saying this expert is my authority, or he's an authority, he's a recognized authoritative figure, where did the court say it bought into the connection between looking at adult pornography and child pornography and the basis for therefore the need to have these restrictions on what he can see, and I say that only to say, it seems to me, as I was saying to Mr. Klein, it's one thing to say we need to look into this, this could be problematic, there's another thing to impose a condition on what he can see. I understand, your honor, and your honor, the best thing I can lay, I can hang my hat on, your honor, is that brief comment where he talks about Mr. Englehart's predilection, and I think the most important part is, as you stated, your honor, it's the number at the top of page 145, and it states that nearly two years have gone by, and we have three violations, nearly four violations, but three violations involving pornography that have occurred during a period of time with increasing issue, and the court then goes on to state, I mean, and there's a lot of good material in there, but concluding on page 146, he states, I find in that kind of situation, with that progression, that is something that deserves to be looked into. Isn't that the sexual cycle evaluation he's talking about? And your honor, I think that goes towards psychosexual evaluation, but I think that could also go towards the pornography prohibition as well. Okay, and all right, I'm glad this has been helpful, at least I have a clearer understanding of what your position is. Could I just do one follow-up, Judge Holmes? I know we're over time. No, please go. Mr. Forward, we've been talking about whether the district judge adequately connected the dots, and what if we decide that the district court's findings were insufficient? Can we look at the record to determine whether the special conditions were adequately justified? Your honor, I had that same exact thought as I was driving to work today, and I have not had the chance to look that up. I do not have an answer for you, your honor, I apologize. But I think that as we look at this, we can see that the evidence that was presented, if this were to go back, the court could just look at what exactly we said before, and then use those same exact terms. So it might be a futility that it gets sent back if this court believes that sufficient evidence was presented, but the findings were not there. But would that take the form of a harmless error type of argument? I think it would, your honor. I think that's being the nail on the head. All right, okay, thank you. With that, thank you very much. Thank you, counsel. Cases submitted, not cases submitted, but Mr. Forward, your argument, thank you for that. Let us go with a minute and a half from Mr. Klein. Thank you, your honor. If I could just start by addressing Judge Matheson's last question, I think the answer to that, your honor, is no, that this is something that this court has placed squarely on the district court. And in Martinez-Torres, which was an abuse of discretion, this court did not engage in that fact finding. The court simply vacated and remanded to the district court, where the district court could then do that. I think the only time... I apologize. I apologize, but let me push back on that and get your reaction to it for a moment. In the context of drug cases, where the court also has to make particularized findings as it relates to drug amounts, we have done that. We've said the record is adequate and it's harmless error, and therefore we looked and we saw that there was a basis for such findings. So you're saying that based upon the cases, at least in this particular context, we have not done that, right? Yes, your honor. I think the only time when maybe the courts done something similar in this kind of context would be in plain error cases and looking at problem three of a plain error analysis. I think that the difference probably, your honor, with drug cases is it's a clear issue of fact, whether there's evidence of this quantity or not. Here, it's a different analysis of drawing a connection. I think that, as your honor pointed out, that's what's missing here is drawing that connection. And the district court, having been the person to sentence this individual and to hear the testimony, is in the best position to make that analysis. That was a helpful answer. Are there any other questions for Mr. Kwan? No, thank you. Thank you, Rick. We ask that the court vacate these conditions and re-manage the district court. All right. Case is submitted. Thank you, counsel, for your arguments. They were very helpful.